**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael Aaron Turner, | No. CV 17-04669 PHX DGC (CDB) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| John Nelson Schneider, et al., | |
| Defendants. | |

**TO THE HONORABLE DAVID C. CAMPBELL:**

Plaintiff filed his initial complaint and a motion for leave to proceed in this matter *in forma pauperis* on or about December 15, 2017, while detained at the Maricopa County Lower Buckeye Jail. (ECF No. 1; ECF No. 2). Plaintiff docketed a First Amended Complaint on April 6, 2018. (ECF No. 5). On June 18, 2018, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and ordered Plaintiff to pay an initial filing fee of $6.00 and to pay a $350.00 filing fee in payments based on the balance of his Inmate Account. (ECF No. 2; ECF No. 6). The Court also dismissed the First Amended Complaint and gave Plaintiff thirty days to file a Second Amended Complaint. (*Id.*).

Plaintiff filed a Second Amended Complaint. (ECF No. 8). In a service order issued December 17, 2018, the Court ordered Defendants Williams and Thompson to answer Count One of the Second Amended Complaint and ordered Defendant Bailey to answer Count Three of the Second Amended Complaint and dismissed all of the other Defendants and counts of the complaint without prejudice. (ECF No. 10).

The Court's service order at ECF No. 10 warned Plaintiff:

> If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

(ECF No. 10 at 12). Furthermore, in the service order Plaintiff was warned that his failure to comply with any order of the Court could result in the dismissal of this case. (ECF No. 10 at 13).

Plaintiff was released from custody at some point prior to December 11, 2018. (ECF No. 13).[1] On January 23, 2019, Plaintiff was ordered to return service packets for Defendants to the Court and to file a Notice of Change of Address. (*Id.*). Plaintiff filed a Notice of Change of Address on February 8, 2019. (ECF No. 15). On February 21, 2019, noting Plaintiff had been released from custody, the Court ordered Plaintiff to either pay the $350.00 filing fee or file a non-prisoner Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 17). The Court ordered Plaintiff to do so no later than March 25, 2019, and Plaintiff was warned that his failure to comply with the Order would result in this case being dismissed. (*Id.*).

On March 14, 2019, the Magistrate Judge issued an Order to Show Cause, requiring Plaintiff to show cause why his claims against Defendants should not be dismissed for the failure to return service packets to the Court and to timely serve Defendants. (ECF No. 20). Plaintiff then returned service packets to the Court. Because Plaintiff thereby indicated a desire to proceed with this case, the Magistrate Judge granted Plaintiff an extension of the time allowed to comply with the Court's Order at ECF No. 17. (ECF No. 21). The Magistrate Judge allowed Plaintiff until April 25, 2019, to either pay the $350.00 filing fee or file a non-prisoner Application to Proceed in District

---

[1] In the Order at ECF No. 13, Magistrate Judge Fine noted Plaintiff had informed her, during a December 11, 2018 hearing in a different prisoner civil rights suit, that he had been released from custody and he informed the Magistrate Judge of his new address during that hearing. The service order at ECF No. 10 was sent to Plaintiff at the address provided to Judge Fine during that hearing. (ECF No. 13; Docket Entry dated December 17, 2018).

Court Without Prepaying Fees or Costs. (*Id.*). Plaintiff was warned that his failure to comply with the Court's Order at ECF No. 17 by April 25, 2019, would result in the dismissal of this matter without prejudice. (*Id.*).

Plaintiff has failed to comply with the Court's Order at ECF No. 17. The Order at ECF No. 17 and the Order at ECF No. 21 both warned Plaintiff that his failure to pay the balance of the filing fee or to file a non-prisoner Application to Proceed in District Court Without Prepaying Fees or Costs would result in dismissal of this case. Accordingly,

**IT IS RECOMMENDED that** this matter and Defendants be dismissed without prejudice for Plaintiff's failure to comply with this Court's Order at ECF No. 17.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 31st day of May, 2019.

_____
Camille D. Bibles
United States Magistrate Judge

- 3 -